CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

Oct 22 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLO REYES-CABRERA, a/k/a<br>Marlon Reyes-Cabrera.<br><br>Defendant. | CASE NO. 3:26-cr-00534-RFL<br><br>VIOLATIONS:<br><br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) –Possession with Intent to Distribute Fentanyl<br>21 U.S.C. § 853 – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

I N F O R M A T I O N

The United States Attorney charges:

COUNT ONE: (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) - Possession with Intent to Distribute Fentanyl)

On or about September 23, 2026, in the Northern District of California, the defendant,

MARLO REYES-CABRERA,
a/k/a Marlon Reyes-Cabrera,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, also known as

fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**FORFEITURE ALLEGATION**

The allegations in this Information contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a). Upon conviction of the offense alleged in Count One, the defendant,

MARLO REYES-CABRERA,
a/k/a Marlon Reyes-Cabrera,

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment and the following:

a. $50 in U.S. currency seized on or about September 23, 2026.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2

DATED: Oct. 22, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Patrick O'Brien*
PATRICK K. O'BRIEN
Assistant United States Attorney