CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

PATRICK K. O'BRIEN (CABN 292470)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
Email: Patrick.OBrien@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLO REYES-CABRERA, a/k/a,<br>Marlon Reyes-Cabrera,<br><br>Defendant. | CASE NO. 3:26-CR-00534-RFL<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR JOINT CHANGE OF PLEA AND SENTENCING**<br><br>Date: November 5, 2026<br>Time: 2:00 p.m.<br>Court: Hon. Rita F. Lin |

## I. OVERVIEW

The United States and the defendant, Marlon Reyes-Cabrera, jointly request that the Court accept the proposed plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). This case is part of the United States Attorney's Office's efforts to disrupt the fentanyl and methamphetamine open-air drug market in San Francisco's Tenderloin District (the Tenderloin) through a combination of enforcement and dispositions that prevent drug traffickers from returning to the Tenderloin. These efforts will occasionally take the form, as here, of prosecution of street-level dealing where the defendant has

limited criminal history, leading the United States to seek expedited prosecution, obtain a federal conviction, and enforce a strict three-year stay-away order that immediately excludes convicted drug traffickers from returning to the Tenderloin and thus dissuades them from engaging in further drug trafficking. For the reasons set forth below, the United States and the defendant believe that a below-Guidelines sentence—accounting for the time served plus one day in this expedited prosecution—alongside this geographical restriction meet the statutory requirements of Section 3553(a).

## II. MOTION FOR JOINT CHANGE OF PLEA AND SENTENCING

To advance the goal of this accelerated disposition, the parties jointly move the Court to proceed to sentencing without a presentence investigation report during the same hearing as the defendant's change of plea, or as shortly thereafter as is practicable. This will achieve the expedited proceeding contemplated by both parties. The Court may sentence without a presentence investigation report if it "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553" and "explains its finding on the record." Fed. R. Crim. Proc. 32(c)(1)(A)(ii); *see also* Fed. R. Crim. P. 32(b)(1), U.S.S.G. §6A1.1, Crim. Local Rule 32-1(b). The government respectfully submits that the record here—the Criminal Complaint, the Plea Agreement, and the parties' sentencing memoranda, all detailing the defendant's offense conduct and other factors relevant under § 3553—enable the Court to meaningfully exercise its sentencing authority under § 3553 and proceed to sentencing without the need for a presentence investigation report. The parties request that the Court explain its findings and the sufficiency of the record at time of sentence.

## III. APPLICABLE GUIDELINES RANGE AND CRIMINAL HISTORY CATEGORY

The government calculates the following Guidelines range:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. §2D1.1(a)(5), (c)(13):<br>Defendant possessed between 4 grams and 8 grams of fentanyl | 14 |
| b. | Acceptance of Responsibility, U.S.S.G. §3E1.1: | - 2 |
| c. | Zero-Point Offender Adjustment: U.S.S.G. § 4C1.1: | -2 |
| d. | Adjusted Offense Level: | 10 |

The government calculates a Criminal History Category of I (0 points).[1]

[1] The government has reviewed and produced in discovery the criminal history report for the

An Adjusted Offense Level of 10 and a Criminal History Category of I results in a Guidelines range of 6 to 12 months.

The government also seeks a three-year term of supervised release (as required by statute) and imposition of the $100 mandatory special assessment.

**IV. SENTENCING RECOMMENDATION**

Consistent with the Plea Agreement in this case, the parties jointly request a sentence of time served plus one day and a three-year term of supervised release that includes a special condition that the defendant may not re-enter the Tenderloin during the period of supervised release. This stay-away condition is a critical component of the plea bargain because it prevents the defendant from returning to the Tenderloin, from where the defendant's conviction for drug trafficking arises.

**A. <u>Section 3553 Factors</u>**

1. ***Nature and circumstances of the offense and history and characteristics of the defendant***

The defendant is 29 years old and a citizen of Honduras. According to the Department of Homeland Security, the defendant lacks immigration status and/or is removable under U.S. immigration law. There is an immigration detainer in place such that the parties expect the defendant will be transferred to the custody of the Department of Homeland Security for removal proceedings following his release from the custody of the U.S. Marshals. To the government's knowledge, the defendant has no prior criminal convictions, placing him in Criminal History Category I.

In the evening on September 23, 2026, Reyes-Cabrera sold approximately 2 grams of fentanyl to an undercover San Francisco Police Department officer for $40. This sale happened in the Tenderloin neighborhood in San Francisco, near the intersection of Ellis Street and Leavenworth Street, just a few blocks from the federal courthouse where he will be sentenced. Reyes-Cabrera was arrested soon after the sale, when officers found additional fentanyl in a small container in Reyes-Cabrera's jacket pocket as well as $50 in cash that were proceeds of drug sales.

---

defendant available through the National Crime Information Center, a criminal records database. That report reflects that the defendant does not have any prior criminal convictions. United States Pretrial Services also conducted a pre-bail study for Reyes-Cabrera and did not identify any criminal convictions and just one prior arrest for drug sales in Alameda County in 2025.

Following his arrest by SFPD, Reyes-Cabrera was released from custody as a state criminal case began, but he was charged federally by criminal complaint on September 30, 2026, and arrested on the federal warrant approximately two weeks later on October 13, 2026.

After his arrest in the federal case on October 13, 2026, Reyes-Cabrera agreed to remain in custody during the pendency of this case. On October 26, 2026, Reyes-Cabrera was arraigned on an information alleging possession of fentanyl with the intent to distribute and waived indictment. In the Plea Agreement, Reyes-Cabrera acknowledges that he knew the substances in his possession were fentanyl and that he possessed the substances intending to distribute them to other individuals.

2. ***Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant***

The Tenderloin has been the epicenter of illicit fentanyl sales and use for years. As the Court is aware, the proliferation of highly addictive, potent, and inexpensive synthetic controlled substances like fentanyl and methamphetamine has exacted a crushing human toll in the Tenderloin. The Tenderloin open-air drug market has created suffering not only for its participants (including through overdoses and fatalities) but also for the people and families that live and work in the Tenderloin, as well as for San Francisco itself. The effects of the defendant's offense, considered as an individual act, are destructive; the effects of the offense, considered in the aggregate, are catastrophic.

The proposed sentence—of time served plus one day and a three-year term of supervised release with a highly-restrictive geographic restriction—is a downward variance from the Guidelines range but one that the government submits is appropriate given the defendant's conduct and criminal history, the unique problem the Tenderloin faces, and the need for deterrence and protection of the public.

In order for the defendant to receive this plea offer, the defendant waived detention and has been in continuous custody since his federal arrest; the government offered the defendant a time-served sentence in exchange for the defendant's agreement to promptly plead guilty and proceed to sentencing (including waiving indictment) within weeks of arrest; the defendant also agreed to be subject to a three-year term of supervised release that includes a strict stay-away condition from the Tenderloin. The defendant is on notice that a return to the Tenderloin (in violation of the defendant's supervised release

terms) will invite new charges or supervised release violations.

This disposition results in a drug trafficking conviction within weeks of arrest (not months or years), immediate separation of the defendant from the Tenderloin, and prevention of the defendant from returning to the Tenderloin. The speed at which this case moved will free up other government resources to prosecute additional federal crimes, including in the Tenderloin.

**B. <u>The necessity of the proposed supervised release special conditions</u>**

A three-year term of supervised release is required by statute for the drug-trafficking offense to which the defendant has agreed to plead guilty, 21 U.S.C. § 841(b)(1)(C), and it is essential to this disposition. In particular, the special stay-away condition of release allows the government to accomplish one of its primary goals related to protection of the public: to immediately separate drug traffickers from the Tenderloin (given the defendant has remained in custody from the time of arrest) and to effect a strict stay-away from the Tenderloin for three years. Under the terms of supervised release as contemplated herein, not only will the defendant be prohibited from engaging in any further unlawful conduct, but the defendant will be prohibited from entering the Tenderloin without prior approval by U.S. Probation:

> Unless authorized by U.S. Probation, the defendant shall neither enter nor be present in the area in San Francisco bordered on the west by Laguna Street, on the north by Sutter Street, on the east by Powell Street and 5th Street, and on the south by Folsom Street.

Combined with a suspicionless search condition, to which the parties have also agreed, Section 3553(a)'s goals of protection of the public and meaningful deterrence will be significantly advanced by the terms of this agreement, and this prosecution's impact on illicit drug trafficking in the Tenderloin will be both immediate and sustained. The stay-away condition is also necessary given the particular circumstances of Tenderloin drug trafficking, where the Court has repeatedly encountered recidivism from previously sentenced defendants, including those who have been removed from the country but who nonetheless returned to sell controlled substances in the Tenderloin. *See, e.g.*, *United States v. Luis Almicar Erazo-Centeno*, 3:23-cr-00002-CRB; *United States v. Gamez-Arguilio*, 3:17-CR-00553-CRB.

On the facts of this particular case, under the § 3553(a) factors and given the provisions of the Plea Agreement, the government respectfully submits that the contemplated disposition here is sufficient

but not greater than necessary to accomplish the goals of § 3553(a).

## V. CONCLUSION

For these reasons, the government recommends that the Court sentence the defendant to a sentence of time served plus one day, to be followed by a term of supervised release of three years and the special conditions agreed to by the parties in the Plea Agreement, including the stay-away condition.

DATED: November 3, 2026

Respectfully Submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Patrick O'Brien*
PATRICK K. O'BRIEN
Assistant United States Attorney